**Wen Jien HE, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 00–70819.
INS No. A76–280–090.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided Sept. 9, 2002.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Before WALLACE, TASHIMA and TALLMAN, Circuit Judges.

### MEMORANDUM **

In this appeal, we are called upon to determine whether the Board of Immigration Appeals (Board) erred in determining that Petitioner Wen Jien He failed to establish eligibility for asylum. The Board had jurisdiction under 8 C.F.R. §§ 3.1(b)(3) and 240.53(a), and we have jurisdiction over this timely-filed petition pursuant to 8 U.S.C. § 1252(b)(1999). We grant the petition.

Petitioner asserts that his testimony, properly credited, established that his wife was forced to be sterilized; that an alien whose spouse was forced to undergo a sterilization procedure can establish eligibility for asylum based on past persecution on account of political opinion; and that he has therefore established his eligibility for asylum. When "an alien's testimony [is] unrefuted and credible, direct and specific, [it] is sufficient to establish the facts testified [to] without the need for any corroboration." *Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000) (as amended).

In this case, the Board rejected the rationale supporting the Immigration Judge's (IJ) adverse credibility determination, but the Board then found that petitioner's claim "is not so specific, detailed or even plausible as to obviate the need for documentary evidence to buttress his application for relief." This is essentially the same language used by the Board in *Salaam v. INS,* 229 F.3d 1234, 1237 (9th Cir.2000), in which we held the Board had made an adverse credibility finding. Clearly, we can sustain the Board on its credibility finding and deny the petition. However, a subsequent event causes us not to do so. The Immigration and Naturalization Service (INS), in its brief on appeal, conceded that "the [Board] disagreed with the [IJ]'s adverse credibility determination, thus implicitly finding him credible." This concession eliminates the Board's adverse credibility finding, and thus we must assume the Board found the Petitioner's testimony credible.

Petitioner's testimony that his wife was involuntarily sterilized established past persecution on account of political opinion. *See In Re C–Y–Z–,* 21 I. & N. Dec. 915, 917–18 (BIA 1997); 8 U.S.C. § 1101(a)(42)(a)(1999). Once past persecution has been established, a presumption of a well-founded fear of future persecution arises. 8 C.F.R. § 208.13(b)(1). The burden then shifts to the INS to show that country conditions have changed to such an extent that "the applicant no longer has a well-founded fear of persecution," or that "[t]he applicant could avoid future persecu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion by relocating to another part of the applicant's country of nationality." *Id.,* §§ 208.13(b)(1)(i)(A) & (B). The INS has neither alleged nor presented evidence of either changed country conditions or Petitioner's ability to avoid future persecution by relocating within China. Therefore, Petitioner has established eligibility for asylum. *See C–Y–Z–,* 21 I. & N. Dec. at 918–19.

We therefore remand the case for the exercise of the Attorney General's discretion. *See Salaam,* 229 F.3d at 1240. Further, "[t]he finding of past persecution . . . triggers a presumption that [Petitioner] has shown a clear probability of future persecution and is therefore entitled to withholding of removal." *Id.* Nothing in the record rebuts the presumption.

Petition for review GRANTED. RE-MANDED for the exercise of the Attorney General's discretion with respect to the asylum claim and for entry of an order withholding removal.